

FILED
IN OPEN COURT

MAR 31 2011

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 1:11cr 162 |
| SEAN W. RAGLAND | ) | |
| | ) | |
| Defendant. | ) | |

**PLEA AGREEMENT**

Denis J. McInerney, Chief, Fraud Section of the Criminal Division of the United States Department of Justice ("Fraud Section"), Patrick F. Stokes, Deputy Chief, Robert Zink, Trial Attorney, and Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Charles F. Connolly and Paul J. Nathanson, Assistant United States Attorneys, and the defendant, SEAN RAGLAND, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1.  **Offense and Maximum Penalties**

The defendant agrees to waive indictment and plead guilty to a one-count criminal information charging the defendant with one count of conspiracy (in violation of Title 18, United States Code, Section 371) to commit bank fraud (in violation of 18 U.S.C. § 1344) and wire fraud (in violation of 18 U.S.C. § 1343). The maximum penalties for conspiracy are a maximum term of five years of imprisonment, a fine of $250,000, or alternatively, a fine of not more than the greater of twice the gross loss or gross gain, full restitution, a special assessment, and three years of supervised release. The defendant understands that this supervised release term is in

addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section lB 1.2(a) of the Sentencing Guidelines.

3. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

    c. the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and at every other stage of the proceedings; and

    d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

4.  **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 261 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

5.  **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section

3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6. **Recommended Sentencing Factors**

Based upon the information now available to the United States (including representations by the defense), the defendant's Criminal History Category is one. In accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

a. pursuant to USSG § 2B1.1(a)(2), the base offense level for the conduct charged in Count One is 6;

b. pursuant to USSG § 2B1.1(b)(1)(P), the conduct charged in Count One resulted in a loss of more than $400,000,000.00 and qualifies for a 30-level upward adjustment;

c. pursuant to USSG § 2B1.1(b)(9), the conduct charged in Count One involved sophisticated means and qualifies for a 2-level upward adjustment;

d. pursuant to USSG § 3E1.1(b), the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or

greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

 e. pursuant to USSG § 5G1.1, if the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily maximum sentence shall be the guideline sentence.

 f. No agreements regarding the applicability of any other Sentencing Guidelines provision have been reached, and the parties reserve the right to argue for or against the applicability of any other Guidelines provision at sentencing.

**7. Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

**8. Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

9.  **Restitution for Offense of Conviction**

The defendant agrees to the entry of a Restitution Order for such amount as may be determined by the Court. At this time, the defendant understands that the Government believes the following victims have suffered the following losses: [To be determined]

10. **Limited Immunity from Further Prosecution**

The Fraud Section and the Criminal Divisions of the United States Attorneys' Offices for the Eastern District of Virginia and the Middle District of Florida, will not further criminally prosecute the defendant for the specific conduct described in the information or statement of facts or related conduct. The defendant understands that this agreement is binding only upon the Fraud Section and the Criminal Divisions of the United States Attorneys' Offices for the Eastern District of Virginia and Middle District of Florida. This agreement does not bind the civil divisions of the United States Department of Justice, the United States Attorneys' Offices for the Eastern District of Virginia or Middle District of Florida, or any other United States Attorney's Office. Nor does it bind any other Section of the Department of Justice, nor does it bind any other state, or local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that might be made against the defendant.

11. **Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

    a. The defendant agrees to testify truthfully and completely as a witness before any grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States.

b.  The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c.  The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation by the United States or at the request of the United States.

d.  The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

e.  The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

f.  Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

12. **Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, Middle District of Florida or by the Fraud Section, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in Title 18 United States Code, Section 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in section 1B1.8(b). Nothing in this plea agreement, however, restricts

the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

13. **Prosecution in Other Jurisdictions**

The Fraud Section and the Criminal Division of the United States Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the Fraud Section and the Criminal Division of the United States Attorney's Office for Eastern District of Virginia agree, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this plea agreement. Prior to turning over any information, the Fraud Section or United States Attorney's Office for the Eastern District of Virginia will contact undersigned counsel for the defendant in order to permit the defendant the opportunity to contact the requesting jurisdiction and speak with that jurisdiction about its request. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

14. **Defendant Must Provide Full, Complete and Truthful Cooperation**

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

15. **Motion for a Downward Departure**

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

16. **The Defendant's Obligations Regarding Assets Subject to Forfeiture**

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past eight years, or in which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous six years. Defendant agrees to forfeit to the United States all of the defendant's interests in any asset of a value of

more than $1,000 that, within the last eight years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

17. **Forfeiture Agreement**

The defendant agrees to forfeit all interests in any bank fraud asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense if in fact, and to the extent, that the defendant received bank fraud assets as part of the commission of the offense. The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. If the Court deems forfeiture to be appropriate, the defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case. The Fraud Section and the Criminal Division of the United States Attorney's Office for the Eastern District of Virginia agree to recommend to the Department of Justice, Criminal Division, Asset Forfeiture and Money Laundering Section that any monies obtained from the defendant through forfeiture be transferred to the Clerk to distribute to the victims of the offense in accordance with any restitution order entered in this case

18. **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture if in fact, and to the extent, that the defendant received bank fraud assets as part of the commission of the offense.

19. **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

20. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Denis J. McInerney
Chief, Criminal Division, Fraud Section
United States Department of Justice

By: _____
Patrick F. Stokes, Deputy Chief
Robert Zink, Trial Attorney

Neil H. MacBride
United States Attorney

By: _____
Charles F. Connolly
Paul J. Nathanson
Assistant United States Attorneys

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: March 31, 2011

_____
Sean Ragland
Defendant

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: March 31, 2011

_____
Fred Sinclair, Esq.
Fritz Scheller, Esq.
Counsel for the Defendant