**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 1:11CR162 |
| | ) The Honorable Leonie M. Brinkema |
| | ) Restitution Hearing: August 9, 2011 |
| SEAN WILLIAM RAGLAND | ) |
| Defendant | ) |

## DEFENDANT'S RESTITUTION MEMORANDUM

SEAN WILLIAM RAGLAND, by and through his undersigned attorney, respectfully submits his Memorandum for this Honorable Court's consideration regarding the issue of restitution.

## STATEMENT OF FACTS

1) On March 31, 2011, the government charged Mr. Ragland, by way of information, with a violation of 18 U.S.C. § 371. Mr. Ragland pled guilty pursuant to a plea agreement with the government and his sentencing hearing was held on June 21, 2011.

2) At his sentencing hearing, the Court imposed the following sentence: 90 days of incarceration to be followed by 9 months of home detention.

3) This sentence, which was essentially identical to Teresa Kelly's sentence, necessarily took into account Mr. Ragland's lesser culpability in the scheme. In determining the issue of restitution, the issue of relative culpability as demonstrated by the following chart, is critical pursuant to 18 U.S.C § 3664.

| Defendant | Charge | Role | Sentence of Incarceration |
|---|---|---|---|
| Lee Bentley Farkas | Conspiracy to Commit Bank Fraud, Securities Fraud, and Wire Fraud; and Bank Fraud, Securities Fraud, and Bank Fraud. | 4 levels | 30 years |
| Catherine Kissick | Conspiracy to Commit Bank Fraud, Securities Fraud, and Wire Fraud. | 4 levels | 11 years |
| Desiree Brown | Conspiracy to Commit Bank Fraud, Securities Fraud, and Wire Fraud. | 3 levels | 6 years |
| Raymond Bowman | Conspiracy to Commit Bank Fraud, Securities Fraud, and Wire Fraud; and False Statements. | n/a | 30 months |
| Paul Allen | Conspiracy to Commit Bank Fraud, Securities Fraud, and Wire Fraud; and False Statements. | 3 levels | 40 months |
| Teresa Kelly | Conspiracy to Commit Bank Fraud, Securities Fraud, and Wire Fraud. | 2 levels | 90 days |

4) The government now seeks $2,611,909,882.00 in restitution from Mr. Ragland predicated on the contention that Mr. Ragland's involvement in the scheme caused $1.7 billion in loss to Deutsche Bank and PNB Paribas, $900 million in loss to Colonial Bank, and $524,882.00 in loss to the investors of Colonial Bank.

5) In calculating this restitution amount, the government's figures do not take into account Mr. Ragland's lack of involvement and knowledge regarding the fraud involving

Colonial Bank. Furthermore, it does not provide a credit for the amount of collateral that was left in the Ocala funding facility, which is approximately $160,000,000.00.

## MEMORANDUM OF LAW

This Memorandum addresses the question of what is the appropriate restitution amount this Court should impose on Mr. Ragland in the instant case. Mr. Ragland submits that he should only be held responsible for the losses suffered by Deutsche Bank and PNB Paribas. Moreover, Mr. Ragland asserts that his liability for these losses should be significantly less than the liabilities of his co-defendants pursuant to 18 U.S.C. § 3664(h).

As a preliminary matter, Mr. Ragland submits that the proper starting point for determining the total restitution amount attributable to him is $1.54 billion dollars. Said amount specifically takes into account the amount of loss that is associated with his involvement in the scheme by calculating the $1.7 billion amount of loss associated with Ocala Funding minus the amount of collateral ($160 million) left in the facility. (*See* Government Memo at 6, fn. 4). In contrast, the government's argument for a sum of $2,611,909,882 improperly takes into account losses suffered by Colonial Bank and its shareholders. Mr. Ragland did not have any knowledge of the co-defendant's misconduct regarding Colonial Bank. Additionally, as to the shareholder losses, it is not clear from the government's pleading when the respective shareholders made their investments in Colonial Bank and to what extent their specific losses can be attributed to Mr. Ragland, as opposed to the conduct of the other co-defendants or other factors.

Furthermore, Mr. Ragland submits that he should not be held responsible for the entire amount of this $1.54 billion based on his culpability under 18 U.S.C. § 3664(h). As the government correctly points out, title 18, U.S.C. § 3663A provides the starting point for a court's restitution determination. Section 3663A (3) (d), however, provides that "[a]n order of restitution

under [§ 3663A] shall be issued and enforced in accordance with [18 U.S.C. § 3664]." Thus, an analysis of § 3664 is critical to any restitution order that this Honorable Court may impose on Mr. Ragland.

Section 3664(h) states that:

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

The application of § 3664 to Mr. Ragland cannot be understated. As the evidence established in this case, Mr. Ragland's culpability, along with that of Ms. Kelly, was the least among the co-defendants. Furthermore, his liability was limited solely to the fraud involving Deutsche Bank and PNB Paribas. In terms of the fraud involving these financial institutions, the evidence further established that Mr. Ragland's participation was significantly less than the role of his codefendants including Lee Farkas, Paul Allen, and Desiree Brown.[1] Thus, pursuant to § 3664(h), this Court should impose a restitution order as to Mr. Ragland that adequately reflects his contribution to the losses suffered by Deutsche Bank and PNP Paribas.

There are two other sections under § 3664 that are of particular relevance to Mr. Ragland's restitution obligation. These sections establish that any restitution payments that Mr. Ragland is obligated to pay should be in a nominal amount. Section 3664(B) (2) directs a court to schedule a defendant's restitution payments based on the certain factors, including the defendant's: 1) financial resources and assets (including whether the assets are jointly-owned; 2)

---

[1] The government's reference to Mr. Ragland as a senior financial analyst at Taylor, Bean and Whitaker (TBW) is terribly misleading since such a moniker suggests a level of control and independence. Rather the demonstrating that Mr. Ragland was a substantial player in the scheme, the evidence clearly established that Mr. Ragland, who worked at TBW immediately after college, was controlled and directed by his superiors in the fraud. Such a lack of autonomy supports the contention that his liability should be less under § 3664(h).

4

the projected earnings and income; and 3) financial obligations, including obligations to his dependents. Moreover, section 3554(B) (3) (B) states:

> A restitution order may direct the defendant to make nominal periodic payments if the court finds from facts on the record that the economic circumstances of the defendant do not allow the payment of any amount of a restitution order, and do not allow for the payment of the full amount of a restitution order in the foreseeable future under any reasonable schedule of payments.

As the Presentence Report (PSR) establishes, Mr. Ragland is married and has a young son. (PSR at ¶ 51). As a result of his conviction, he is unemployed and is struggling to support his family. (*Id.* at ¶ 69). Thus, Mr. Ragland respectfully submits that this Honorable Court order him to make his restitution payments in a nominal amount.

Respectfully Submitted:

\_\_\_\_/s/_____
J. Frederick Sinclair, Esq.
Virginia State Bar #08073
Attorney for Sean William Ragland
J. Frederick Sinclair, P.C.
100 North Pitt Street, Suite 200
Alexandria, Virginia  22314
Tel. No. 703-299-0600
Facsimile No. 703-299-0603
jfredsinclair@yahoo.com


Fritz Scheller
Florida Bar No. 183113
Fritz Scheller P.L.
1211 Orange Avenue, Suite 103
Winter Park, Florida 32789
PH:    (407) 792-1285
FAX:   (407) 513-4146
fscheller@flusalaw.com
Attorney for Sean Ragland

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2011, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Charles Connolly
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA   22314
Charles.Connolly@usdoj.gov

        /s/_____
J. Frederick Sinclair, Esq.
Virginia State Bar #08073
Attorney for Sean William Ragland
J. Frederick Sinclair, P.C.
100 North Pitt Street, Suite 200
Alexandria, Virginia  22314
Tel. No. 703-299-0600
Facsimile No. 703-299-0603
jfredsinclair@yahoo.com